UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATHAN LYNCH, | ) | CIVIL ACTION NO. 2:23-cv-58-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (NEGLIGENCE) |
| MOUNT VERNON FIRE | ) | (JURY TRIAL DEMANDED) |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
_____

Plaintiff alleges as follows:

1.  Plaintiff is a citizen and resident of the State of Massachusetts.

2.  Defendant is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 190 S. Warner Road., Suite 200, Wayne, Pennsylvania 19087.

3.  The acts which give rise to this complaint occurred in the District of South Carolina.

4.  This Court has jurisdiction of the parties and the subject matter of this action.

5.  Upon information and belief Taco Loco, LLC owned and operated a business establishment located at 1000 Tanner Ford Blvd. in Hanahan, South Carolina, known as Taco Loco Cantina (TLC).

6. Plaintiff sustained permanent and significant injuries in the aforesaid collision.

7. TLC is in the business of selling alcohol and is licensed by the State of South Carolina and subject to all applicable statutes and state administrative regulations concerning the sale of alcohol and operates a bar and restaurant located at 1000 Tanner Ford Blvd., Hanahan, South Carolina.

8. At all times alleged herein, TLC's employees and/or agents were acting within the course and scope of their employment and/or agency.

9. During the evening hours of January 8, 2020, Tyler Schiano (Schiano) consumed alcohol at TLC located at 1000 Tanner Ford Blvd., Hanahan, South Carolina.

10. TLC served Schiano a quantity of alcohol, causing him to become intoxicated and/or served him while intoxicated, in violation of state law.

11. The alcoholic beverages sold or given to Schiano contributed to, or caused him to become, or remain, intoxicated at all times relevant hereto.

12. On January 8, 2020, Plaintiff was a passenger in a minivan stopped at the intersection of N. Rhett Avenue and Remount Road In North Charleston, South Carolina.

13. At the same time, Schiano was traveling in the same direction directly behind Plaintiff's vehicle and slammed into its rear.

14. As a direct result of the collision, Plaintiff was permanently and seriously injured.

15. Schiano had consumed alcohol to the point of intoxication and was under the influence of alcohol at the time he injured Decedent.

16. TLC owed Decedent a duty of reasonable care.

17. TLC further owed Plaintiff a statutory duty not to serve alcoholic beverages to an intoxicated person.

18. TLC was negligent, grossly negligent, and reckless in one or more of the following ways:

    a. Serving alcoholic beverages to Schiano when TLC knew or should have known that he was intoxicated, in violation of the common law and statutory laws of the State of South Carolina;

    b. In serving alcoholic beverages to Schiano in an amount causing him to become intoxicated, in violation of the common law and statutory laws of the State of South Carolina;

    c. In failing to appreciate Schiano's intoxication while being served alcohol and for failure to provide him a safe means of transportation;

    d. In failing to ensure, after serving alcohol to Schiano when he was intoxicated, that he would not drive upon the roadways of the state;

e.     In failing to properly and adequately supervise employees, bartenders and wait staff with regard to the proper service of alcohol;

f.     In failing to adequately and properly monitor the activities of its employees, wait staff, bartenders and servers in the service of alcohol to Defendant Schiano;

g.     In failing to sufficiently train employees in their duties with regard to the service of alcohol to the general public;

h.     In failing to implement or maintain policies and procedures necessary for the reasonable service of alcohol to the general public;

I.     In deviating from the accepted standard of care in the service of alcoholic beverages to intoxicated persons;

j.     In creating an atmosphere of encouraging the consumption of excessive amounts of alcohol and by way of drinking shots of alcohol;

k.     In allowing Schiano to leave the location of TLC while in a dangerous state or condition;

l.     In failing to provide assistance or alternative means of transportation for Schiano;

m.     In failing to observe and supervise Schiano upon his departure from the location of TLC to ensure that he would not cause harm or injury to innocent third persons, to include Plaintiff;

n.     In failing to warn Plaintiff and other innocent third persons of Schiano's approach upon his leaving, or being asked to leave, the location of TLC; and

o.     In any such further particulars as the evidence illuminated by the discovery process or trial may show.

19. As a direct result of TLC's negligence, gross negligence, and recklessness, Plaintiff sustained the following damages:

    a. Medical bills, including physician, hospital, and prescription charges;

    b) Physical and mental pain and suffering;

    c) Loss of enjoyment of life;

    d) Permanent impairment;

    e) Permanent disfigurement; and

    f) impairment of earning capacity.

20. South Carolina Code Section 61-2-145 promulgates the following:

    a. In addition to all other requirements, a person licensed or permitted to sell alcoholic beverages for on-premises consumption, which remains open after five o'clock p.m. to sell alcoholic beverages for on-premises consumption, is required to maintain a liquor liability insurance policy or a general liability insurance policy with a liquor liability endorsement for a total coverage of at least one million dollars during the period of the biennial permit or license. Failure to maintain this coverage constitutes grounds for suspension or revocation of the permit or license.

    b. The department shall add this requirement to all applications and renewals for biennial permits or licenses to sell alcoholic beverages for on-premises consumption, in which the permittees and licensees remain open and sell alcoholic beverages for on-premises consumption after five o'clock p.m. Each applicant or person renewing its license or permit, to whom this requirement applies, shall provide the department with documentation of a liquor liability insurance policy or a general liability insurance policy with a liquor liability endorsement in the required amounts.

    c.    Each insurer writing liquor liability insurance policies or general liability insurance policies with a liquor liability endorsement to a person licensed or permitted to sell alcoholic beverages for on-premises consumption, in which the person so licensed or permitted remains open to sell alcoholic beverages for on-premises consumption after five o'clock p.m., must notify the department in a manner prescribed by department regulation of the lapse or termination of the liquor liability insurance policy or the general liability insurance policy with a liquor liability endorsement.

    d.    For the purposes of this section, the term "alcoholic beverages" means beer, wine, alcoholic liquors, and alcoholic liquor by the drink as defined in Chapter 4, Title 61, and Chapter 6, Title 61.

21.    Upon information and belief on March 15, 2019, Defendant issued a binder ---policy number CL 274-4695, and effective dates March 13, 2019, to March 13, 2020.

22.    The aforementioned binder includes the following language:

> "Thank you for your order to bind. We appreciate your business! We have bound the below coverage. Policy to follow shortly."

23.    Upon information and belief, TLC remitted payment in the amount of $1,999.16 to Defendant for payment of the referenced policy.

24.    Upon information and belief, Defendant returned the check to TLC without ever issuing the insurance policy with liquor liability coverage.

25.    Upon information and belief, on January 8, 2020, TLC did not have liquor liability coverage which would have compensated Plaintiff for his damages.

26.     The aforementioned binder provided liquor liability coverage for the actions of TLC.

27.     The aforementioned binder was submitted by Taco Loco, LLC in conjunction with its application to the South Carolina Department of Revenue to obtain a liquor license.

28.     Defendant never issued the insurance policy with liquor liability coverage.

29.     On January 8, 2020, TLC did not have an insurance policy which provided liquor liability coverage.

30.     The aforementioned statute was enacted in 2017 to ensure the general public, including Plaintiff, would be compensated by business establishments, such as TLC, who over served alcoholic beverages to drunken patrons, in violation of South Carolina statutory law.

31.     The aforementioned statute clearly required Defendant to notify the South Carolina Department of Revenue of any "lapse or termination of the liquor liability insurance policy or the general liability insurance policy with a liquor liability endorsement."

32.     Defendant negligently or intentionally failed to comply with the statute by failing to notify the South Carolina Department of Revenue the liquor liability coverage binder provided to Taco Loco, LLC d/b/a TLC had lapsed or terminated.

33. As a direct result of Defendant's failure to comply with this statutory duty

    a. TLC continued to operate without liquor liability insurance coverage available to compensate Nathan Lynch for his damages; and,

    b. Defendant is responsible for all damages to which Plaintiff is entitled.

WHEREFORE, Plaintiff demands judgment against Defendant in such amount of actual and punitive damages as the trier of facts shall determine, for the costs of this action and for such further relief as the Court deems proper.

                                      S/JOHNNY F. DRIGGERS
                                      JOHNNY F. DRIGGERS, ESQUIRE
                                      108 Central Avenue, Suite 7
                                      Post Office Box 757
                                      Goose Creek, SC 29445
                                      (843) 572-8222
                                      ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

January 6, 2023.